IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIANNE KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09 C 5903 |
| ) | |
| NORTHWEST COMMUNITY HOSPITAL, ) | Judge Samuel Der-Yeghiayan |
| ) | Magistrate Judge Nan R. Nolan |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Marianne King has filed suit against her former employer, Northwest Community Hospital ("NCH"), alleging age and disability discrimination, retaliation and failure to accommodate in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, as well as promissory estoppel in violation of Illinois law. Currently before the court is NCH's motion to compel the deposition of Dr. Richard A. Berger, the physician who performed Plaintiff's hip replacement surgery. Also at issue is Plaintiff's renewed motion for protective order. For the reasons stated below, both motions are granted in part and denied in part.

## BACKGROUND

At all relevant times, Plaintiff worked as a part-time staff nurse at NCH's Adult Day Center in Arlington Heights, Illinois. She claims that when she turned 65 in August 2006, her supervisor, Donna Boyd, and various co-workers started making comments about her age and questioning her continued ability to do her job. She also claims that she suffers from, among other things, osteoarthritis and pseudo-gout, which contributed to her need for hip replacement surgery on December 7, 2007. Plaintiff testified at her deposition that The Hartford Life and Accidental Insurance Company ("Hartford"), NCH's third party administrator of Short Term Disability ("STD") Leave, approved her claim for medical leave benefits beginning one week before the surgery. She

also says that Ms. Boyd approved this leave period of December 1, 2007 to January 31, 2008. (Doc. 76-1; Pl. Dep., at 147-48.)

There is no dispute that Plaintiff underwent the surgical procedure as scheduled, or that the surgeon, Dr. Richard A. Berger, gave her a form dated January 31, 2008 releasing her to return to work without restriction. (Doc. 67-6, at 1.) According to Plaintiff, Dr. Berger was simply releasing her to the care of others. Specifically, Dr. Berger "was going to let her know when she could return to work after the physician assistant reviewed her physical therapy reports," and Plaintiff was supposed to fill in the actual return date. (Doc. 67, ¶ 11.) In that regard, after Plaintiff filed this lawsuit, Dr. Berger executed a second work release dated October 16, 2008, but retroactive to March 7, 2008. (Doc. 67-6, at 2.)

NCH doubts Plaintiff's story, and suspects that she lied about her actual release date. (Doc. 67, ¶ 13.) NCH notes, for example, that Plaintiff told Ms. Boyd that she could return to work on February 3, 2008 "with restrictions," but there is no medical record to support her claim. (Doc. 79, at 1-2.) In any event, it is undisputed that on February 13, 2008, Hartford extended Plaintiff's STD benefits through March 6, 2008 "[b]ased on a review of [her] file and/or additional medical information received." (Doc. 76-2.) In addition, Plaintiff received physical therapy at NCH during the month of February, and Ms. Boyd acknowledges that she saw Plaintiff walking with the assistance of a walker and/or a cane during that time. (Doc. 76-3, at 187, 192.) On March 6, 2008, Plaintiff was examined by NCH's Employee Health Physician, Dr. Deborah Foley, who released Plaintiff to return to work effective March 7, 2008. (Doc. 76-5.) Plaintiff notified Ms. Boyd, but Ms. Boyd advised her that her position had been eliminated, with her hours going to another part-time worker.

In April 2010, NCH sent a subpoena to Hartford seeking all documents related to Plaintiff. After initially objecting, Plaintiff voluntarily produced documents she received from both Hartford and Dr. Berger's office. Still unsatisfied, NCH has issued a deposition subpoena to Dr. Berger,

2

arguing that his testimony "is essential to clarify what happened during the January 31, 2008 appointment and why the January 31, 2008 form released plaintiff to work as of January 31, 2008." (Doc. 67, ¶ 13.) Plaintiff has renewed her motion for a protective order, arguing that the subpoena seeks information not relevant to this case and constitutes an improper post-hoc attempt to question the veracity of her medical leave.

## DISCUSSION

"A party has a general right to subpoena any person to appear at a deposition." *Davis v. City of Springfield, Illinois*, Nos. 04-3168 and 07-3096, 2009 WL 910204, at *2 (C.D. Ill. Apr. 1, 2009) (citing FED. R. CIV. P. 45). "[T]he scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Wallace v. Hounshel*, No. 1:06-cv-01560-RLY-TAB, 2008 WL 89933, at *2 (S.D. Ind. Jan. 2, 2008). In other words, "[a] subpoena will survive a motion to quash when it designates topics that are reasonably calculated to lead to admissible evidence." *Stock v. Integrated Health Plan, Inc.*, 241 F.R.D. 618, 621 (S.D. Ill. 2007).

NCH seeks to depose Dr. Berger regarding Plaintiff's release date and her medical condition prior to the surgery, claiming that the testimony will aid the hospital in assessing Plaintiff's credibility and her status as a qualified individual with a disability. NCH also argues that it should not have to pay Dr. Berger more than the statutory witness fee. The court considers each argument in turn.

### A.   Relevance

NCH argues that it needs to depose Dr. Berger to test whether Plaintiff lied about her release date and "sat out on and received weeks of disability benefits for a leave to which she was not entitled." (Doc. 79, at 2.) NCH notes that Plaintiff's medical file does not support her claim that she was released to return to work "with restrictions" in February 2008, yet Plaintiff charges Ms. Boyd with discriminatory animus in refusing to allow her to return to work without a full release.

3

(Cmplt. ¶ 29.) NCH also doubts the validity of Dr. Berger's retroactive release form clearing Plaintiff to work in March 2008. NCH notes that Dr. Berger had not actually seen Plaintiff since January 31, 2008, and had given her a full release at that time.

Plaintiff responds that NCH never questioned her leave period prior to this litigation, and worries that the deposition will result in a mini-trial on that approved leave, which is not a true issue in this case. The court finds this a valid concern. Notwithstanding Dr. Berger's January 31, 2008 release form, it appears that Hartford received additional medical information from Dr. Berger's office on February 6, 2008. Based on that information and Plaintiff's continuing physical therapy, Hartford determined that it "[w]ould be reasonable to extend [Plaintiff's] benefits" through March 6, 2008. (Doc. 76-2, 76-4.)

Nevertheless, for purposes of discovery, the circumstances surrounding Plaintiff's return to work from her medical leave and credibility in that regard may be relevant to claims at issue in this case. *Stock*, 241 F.R.D. at 621. The Hartford file does not mention, much less explain Dr. Berger's January 31, 2008 release form, and Dr. Berger may be able to clarify whether Plaintiff was in fact capable of performing her job at NCH as of that date. Plaintiff disagrees, noting that NCH's own Employee Health Physician released her to work on March 7, 2008. True, but Dr. Foley testified that she only considers an employee's fitness for work as of the date he or she appears for a physical. (Doc. 79-2, Foley Dep., at 51-52, 56, 60-61.) As NCH notes, Dr. Foley did not determine whether Plaintiff could or should have returned to work earlier. NCH may question Dr. Berger regarding his release forms and Plaintiff's ability to return to work following surgery.

Other topics, however, are off-limits. NCH seeks to depose Dr. Berger regarding Plaintiff's limitations prior to the surgery. (Doc. 79, at 7.) As Plaintiff notes, NCH never challenged her need for this surgery, and the hospital has all of the records from Dr. Berger's office and Hartford, as well as from Plaintiff's primary care physicians (Drs. Hamm, Schuette and Broy) who treated her allegedly disabling conditions. To the extent NCH did not question the validity of Plaintiff's leave

4

at the time she requested and took it, the court will not allow the company to explore that issue with Dr. Berger now. NCH does not suggest that Dr. Berger's records regarding Plaintiff's condition and treatment are incomplete or inadequate, and there is no indication that the surgery was somehow unnecessary or improper.

In sum, NCH may depose Dr. Berger for no more than one hour, and solely regarding Plaintiff's release to return to work. The court suggests that the deposition occur at Dr. Berger's office, unless he prefers to travel to another location.

### B. Witness Fees

Dr. Berger has demanded a shocking $15,000 per hour to appear for his deposition in this case. Even assuming such a rate is reasonable, which the court highly doubts, Dr. Berger has not been identified as an expert witness. Thus, under Federal Rule of Civil Procedure 45, he is entitled only to a witness fee of $40 per day, plus reasonable fees for any travel to the deposition location. *See* 28 U.S.C. § 1821; *Rodriguez ex rel. Fogel v. City of Chicago*, No. 08 C 4710, 2009 WL 2413750 (N.D. Ill. Aug. 5, 2009).

### CONCLUSION

For the reasons set forth above, Defendant's Motion to Compel Deposition of Dr. Richard Berger [67] and Plaintiff's Renewed Motion for Protective Order [76] are both granted in part and denied in part.

ENTER:

Dated: July 20, 2010

*Nan R. Nolan*

NAN R. NOLAN
United States Magistrate Judge

5